Ferrell v. State.

W. D. FERRELL v. STATE.

1. CRIMINAL LAW. *Jury Power to commute punishment. When.* The power of the jury, under 1860, 63 (Rev. Code, sec. 5232a), to commute the punishment of a felony into confinement in the county jail, is limited to felonies the punishment of which may be only one year in the penitentiary.

2. SAME. *Indictment.* The defendant, being indicted for an assault and battery with intent to commit murder, came into court with the Attorney-General of the State, and, by agreement, the felony charged was "stricken out," and the defendant plead guilty to an assault and battery, and was adjudged to pay a fine of one cent, and all the costs of the case. *Held,* that the judgment was valid.

FROM PUTNAM.

Appeal in error from the Circuit Court of Putnam county. E. L. GARDENHIRE, Sp. J.

BENTON MCMILLIN for Ferrell.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The plaintiff in error was indicted and tried for malicious stabbing. The Circuit Judge, after telling the jury that the punishment prescribed by law for malicious stabbing was confinement in the penitentiary from two to ten years, as they might assess, added: "If you should believe the defendant guilty of malicious stabbing, but should further be of opinion that the offense merits a less punishment than twelve months in the penitentiary, then you may punish the defendant by confinement in the county jail for any period less than twelve months." The jury found the defendant guilty of malicious stabbing as charged in the indictment, and assessed his punishment at three months imprisonment in the county jail. The power to commute the punishment of felonies from confinement in the penitentiary to imprisonment in the county jail, is given to the jury by the act of 1860, 63 (Rev. Code, sec. 5232*a*), and this court has held that it is limited to felonies in which the punishment by confinement in the penitentiary may be for only one year. *Bolton* v. *State,* 5 Col., 657. The charge of the court was, therefore, erroneous; the verdict and judgment must be set aside, and the cause remanded for a new trial.

The plaintiff in error was also indicted for an assault and battery with intent to commit murder, a separate indictment from the preceding, although the proceedings thereon are brought up in the same transcript. The entry relating to this indictment is as follows: "Came the Attorney-General for the State and the defendant in proper person, and by agreement the felony charged in the indictment is stricken out, and

Ferrell *v.* State.

the defendant pleads guilty of an assault and battery; it is, therefore, considered by the court that for such his offense he pay a fine of one cent, and all costs accrued in this cause."

It is now assigned as error that the effect of the agreement to strike out was to put an end to the indictment, so that no judgment could be rendered against the defendant. The cases cited in support of this position are *Brittain* v. *State*, 7 Hum., 159, and *Grant* v. *State*, 2 Col., 216. The indictment in each of these cases was similar to the present, and the Attorney-General entered a *nolle prosequi* as to the felony in the one case, and dismissed the indictment so far as it charged a felony in the other, and the court held in both cases that the effect was to leave nothing upon which the prisoner could be tried for a lower offense. But the court said in the first of these cases that it would be competent, perhaps, for the Attorney-General, with the assent of the court, to strike out the words that charge the malice and felony, leaving only such as would charge the inferior offense. For, in that event, there would be a subsisting indictment upon which the party might be arraigned and charged. This is precisely what, in effect, was done in the case before us. The indictment remained as if the jury had acquitted the defendant of the higher, and convicted him of the lower offense. *Slaughter* v. *State*, 6 Hum., 410.

There is no error in the judgment on this indictment, and it will be affirmed with costs.